UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS WILLIAMS, #243786,

        Plaintiff,

v.                                          CASE NO. 2:10-CV-10918
                                            HONORABLE ARTHUR J. TARNOW

DERRICK METCALF, et al.

        Defendants.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT,
DENYING MOTION FOR ALTERNATE SERVICE, AND
CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH**

**I.    Introduction**

      Marcus Williams ("Plaintiff"), a state prisoner presently confined at the West Shoreline Correctional Facility in Muskegon Heights, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, as well as a motion for alternate service. He has been granted permission to proceed without prepayment of the filing fee for this action. *See* 28 U.S.C. § 1915(a)(1). In his complaint, Plaintiff alleges that he has been deprived of due process and his right to business associations because certain property belonging to him was confiscated by the police and has not been returned to him. He names two Detroit police officers as defendants in this action. He seeks the return of his property, as well as monetary damages and other appropriate relief.

      Having reviewed the complaint, the Court now dismisses it for failure to state a claim upon which relief may be granted under § 1983. The Court also denies Plaintiff's motion for

1

alternative service and concludes that an appeal from this decision cannot be taken in good faith.

## II. Discussion

Plaintiff has been granted *in forma pauperis* status. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court recognizes that a *pro se* complaint should be held to a "less stringent standard" than one drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even a *pro se* complaint, however, must plead facts sufficient to show a legal wrong has been committed for which the plaintiff may be granted relief. To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Mueller v. Gallina*, 137 Fed. Appx. 847,

2

850 (6th Cir. 2005); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996).

Plaintiff alleges that the police confiscated several items of his personal property, including his wallet, driver's license, credit card, coat, and two cell phones, pursuant to a criminal investigation in 2006. Plaintiff states that he has asked the police to return his property, but they have not responded to his requests nor returned his property.

Plaintiff first asserts an intentional deprivation of property without due process based upon the confiscation of his property. In a civil rights action alleging the deprivation of property without procedural due process, "the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate . . . the plaintiff must attack the state's corrective procedure as well as the substantive wrong." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983); *see also Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995). The plaintiff must prove the due process element, the inadequacy of state processes, even if the property deprivation was intentional. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Vicory*, 721 F.2d at 1065. Plaintiff has not done so. The State of Michigan provides several adequate post-deprivation remedies for such claims. *See, e.g., Copeland*, 57 F.3d at 480; *Etheridge v. Evers*, 326 F. Supp. 2d 818, 824 (E.D. Mich. 2004). Plaintiff has neither alleged nor established that the state remedies are inadequate. He has thus failed to state a claim upon which relief may be granted under § 1983. His claims regarding the loss of his personal property must be dismissed.

Plaintiff also asserts interference with his right to business associations due to the confiscation and retention of his cell phones. This claim lacks merit. Prisoners have no

3

constitutional right to conduct business activities while incarcerated. *See Johnson v. Willkinson*, 42 F.3d 1388, 1994 WL 669857, *3 (6th Cir. 1994) (citing *French v. Butterworth*, 614 F.2d 23, 24 (1st Cir. 1980)); *accord Garland v. Polley*, 594 F.2d 1220, 1221-1222 (8th Cir. 1979); *Jackson v. Russo*, 495 F. Supp. 2d 225, 228-29 (D. Mass. 2007) (citing cases); *Valentine v. Gray*, 410 F. Supp. 1394, 1396 (S.D. Ohio 1975). Moreover, Michigan Department of Corrections ("MDOC") regulations do not allow prisoners to have cell phones in prison, *see, e.g.,* MDOC Policy Directive 3.03.105B (identifying cell phones as contraband and providing that possession of cell phone is a major misconduct violation); MDOC Policy Directive 4:07.112 (listing allowable personal property), and preclude prisoners from conducting business while incarcerated. *See, e.g.*, MDOC Policy Directive 5:03:118 (prohibiting mail for the purpose of operating a business enterprise); MDOC Policy Directive 05.03.130 (prohibiting telephone use to conduct a business enterprise). Plaintiff has not alleged facts to show that the confiscation and retention of his property has impeded any constitutionally-protected activity. He has failed to state a claim upon which relief may be granted under § 1983.[1] This claim must therefore be dismissed.[2]

---

[1] To be sure, the fact of Plaintiff's incarceration, rather than the loss of his cell phones, appears to be the true impediment to his business associations.

[2] To the extent that Plaintiff asserts that he will suffer a detriment to his business interests upon release from prison, his claim is conclusory and premature.

### III.     Conclusion

Based upon the foregoing analysis, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983.  Accordingly, the Court **DISMISSES WITH PREJUDICE** the complaint.  Given this determination, the Court also **DENIES** Plaintiff's motion for alternate service.

Lastly, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**


S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  March 15, 2010


I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on March 15, 2010, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary